Good morning, Your Honor. May it please the Court, Lemar Howell for the Plaintiff Appellant, Chance Brumfield. I'd like to reserve five minutes for Plaintiff's rebuttal. We'll watch the clock and we'll try to help you, but sometimes it goes... Well, I don't mind getting the extra time if you miss. Doesn't work that way. How did that turn out? Your Honor, the Plaintiff is here because he was denied a fair trial below. What happened? Chance Brumfield was struck in a crosswalk while he was going with the lights. Seattle Police Officer James Dement struck Chance Brumfield while Brumfield was walking across the street with a friend, Craig Wenger. Dement then arrested Brumfield for damaging the side view mirror of his police car and later instituted gross misdemeanor charges against Brumfield for destruction of property. The criminal charges were dismissed and Brumfield brought suit in federal court against Dement and the City Of Seattle for false arrest, malicious prosecution, and intentional and frictional emotional distress and violation of Section 1983. At trial, defendants presented a manufactured witness in the guise of being an expert witness, using defendants' own words on page 8 of the brief, quote, to establish the relative positions of the car and Brumfield body at the time of impact between his arm and the mirror. Schenbecker's expert opinion were based on general and reconstruction principles, which principles guided the gathering of specific photos and measurements taken during the reconstruction. Plaintiff's Daubert motion was denied. So there were the photographs with the witness with the specific. Let me cut to the chase if I can with respect to what concerns me in this case. It seems to me that while your arguments as to Daubert and so on are plausible, it's within the discretion of the district judge and probably the district judge acted within his discretion. Maybe another judge wouldn't have acted in the same way. What bothers me about this case is the jury verdict form, because the jury verdict form that the jury got instructed that if it found that there was probable cause for the arrest, game over. But in fact, that's not true. Right. Because the next question was whether there was malicious prosecution. And there was a subsidiary question as to whether or not there was intentional affliction of emotional distress, which means was there probable cause to pursue the criminal case after the arrest and after he knew things. You, however, did not object to the jury instruct to the to the verdict form. So you need plain error to prevail on that. Why should you be allowed to prevail on a plain error review? Oh, why not, Your Honor? Some ask why and some ask why not. The reason being the defendant's brief even strengthened the plain error argument. The Delgado case said, quote, because Delgado did not object to the jury instructions, we reviewed their adequacy for plain error. And also we cited evidence rule, I guess it was 103E, that says if there is plain error. Clearly, if you have an impression initially that there was an arrest and whatever the reason, later on when you examine his hands and so forth and the other witness said, no, you struck him, then you don't have any reason to bring and continue the malicious prosecution. But, Your Honor, I respectfully disagree with you when you say that it's the discretion to allow in. Well, you can disagree with me all you want. On that point, you may be able to persuade my colleagues. You win, in my view, as to the malicious prosecution if you can persuade me to get past plain error. Yeah, okay. And I want to do that, Your Honor. And I look forward to trying this case in Judge Kuhnauer's court and so forth. And maybe he thought this was just an auto accident that didn't belong in federal court and so forth. But he says concerning the, on page 21 of our brief, he says, he can testify to the impact and the height of the injury. He can testify as what the positions were that he believes is in his opinion. He can't do that. You're arguing to them, I think. No, I want to argue to you. Okay. Your Honor, because here's what I'm saying. This witness wasn't there. How is he going to say where his hand was and so forth and so on? You know, in this case. That's what experts do. That's what experts do. They're never there. They give an opinion based on their experience in similar situations, right? Yes, Your Honor, that is correct. But you have to have sufficient evidence on which to base that opinion. Meaning, if somebody's hand is flailing in the air, how can he say, was it down here, out here, where was he, and so forth? And this expert said that the injury, he thought the injury was to the interior of his arm. It was to the exterior. So his opinion was worthless. He never should have been allowed to testify. And that's what I tried to impress on Judge Kuhnhauer, and now I'm having the same problem with Judge Fletcher. Experts make mistakes all the time. That doesn't mean they have to be kept out under Daubert. I mean, that's why you have cross-examination. Okay. You know, they're no more infallible than anybody else's witness. But you cross-examine on things like that. Were you there? What was the basis for that opinion? Well, then, Judge, what was the purpose of Daubert? Daubert said you don't let them jump science. No, Daubert may be more fundamental than that. I mean, but we don't want to argue. Now I just want to understand your position. Okay. What I'm saying to you is there has to be a sufficient basis. There is no scientific basis here. Somebody can qualify as a reconstruction expert when they have tired tracks, the capacity of a vehicle, and so forth, and so on, the speed and so forth. None of that is given. For example, he testified that the man testified is going 35 to 40 miles through the intersection. And, Your Honor, I understand you getting to that issue of the jury verdict, because that was the one area the rest was not as clear from the plaintiff's point of view. Who submitted that jury verdict form? Not me. Who did? Did the judge draft it, or did the government, or who drafted that document? Your Honor, I can't answer that. You didn't object to it, but you didn't draft it. I did not draft it. Your client did not draft it. No, I submitted one that had the proper verdict form there. Yeah. No, I read yours. Yours is good. Theirs is bad. And the judge used the bad one. Okay. Your Honor, what I'm asking the court to do in this case is that I don't want to go back down to try it when there's still so many other errors. We agreed on a joint instruction on emergency vehicles. Counsel tells the jury, and I think you may want to have the Ninth Circuit instructions review this, that a lawyer's questions are not evidence. So there I was reading really from the instruction that you have to be careful, and if you can't, willy-nilly, put on your emergency lights. It has to be a real emergency. And then counsel gets up and tells the jury, you heard what the judge said, a lawyer's questions are not evidence. Well, but if the witness agrees with what the lawyer says, then that is evidence. But a lawyer's questions are not evidence, and the judge doesn't give my instruction? I've got another question, but it's not really where you are at the moment. This incident takes place in the wee hours of I believe it's May 31st. Yes, 2 a.m. Your client makes a complaint by e-mail during the day on that day. Yes, Your Honor. Officer Diamond at some point writes up a report asking that a criminal charge of property destruction be made. Do we know the time and date when Officer Diamond writes up that request? We know it is after his interview of him and he's taking his photograph at the precinct, at the station. Do you know if it's after the complaint was made by your client? Do you know that's a good question? I was not the brightest bulb in my law school class, but I should have focused on that. That's a very good question. But what I'm saying to you, the list of things, and nominal damages. Why did the judge give nominal damages? They proved that there was, he had to hire a lawyer and defend himself, so there was damages. So if you, and don't forget, whether this decision is published or unpublished, it's going to be cited for the decision that you render in this case. So, you know, every time we say that nominal damages should not have been given, the defendant said, harmless error. We say the failure to give the instruction in emergency vehicles, harmless error. Can I interrupt you a moment? Yes. I know you would like, assuming that this gets sent back, I know you would like to have a lot of these other issues raised. There was a ton of issues raised. You'd like resolution. Yes. But are we required to address any issue other than the jury instruction issue if we agree among ourselves, and that's far from certain because we haven't even talked about it yet, but if we agree that that instruction was wrong, are we mandated to address all of your other issues? Well, I... Because we don't know how the second trial would turn out. We don't know if the same mistakes or the same experts would come in or who knows. No, but I think you have to give guidance in an... Why? Why do we have to give guidance? Well, you don't... You never tell a federal judge he has to do anything. So I withdraw this statement. It is recommended that the court give guidance for the second trial because in order to... for the judge not to make mistakes that were enumerated before. In judicial economy, you don't want us coming back up here again after this... Well, I'm not sure how much judicial economy is achieved if we bite off a whole lot of bites that we don't otherwise have to bite off. Well, Your Honor, that's true, and you evaded in constitutional questions by saying, you know, if we decide this constitutional issue, we don't have to get to the constitutional issue because we reverse on this... We should avoid constitutional issues if we can. Yeah, that's what I'm saying. But fortunately, we don't have a constitutional other than for a fair trial here. But there are certain other issues here because they'll cite this for, yes, you can give nominal instruction. Yes, you don't have to give the emergency doctrine. Yes, you don't have to...failure to give an instruction on spoilation. Now, that was very interesting. If you're trying to save five minutes, you're down to about two minutes and 45 seconds. Okay. Then I want to call your attention to a couple of things. This instruction on probable cause, I could not understand what this sentence meant and understood it after Judge Kuhnauer explained it in his denial of the motion in New Drought. Quote, the officer's subjective reason for making the arrest need not be the criminal offense as to which the known facts provided probable cause. I had difficulty with that and I could understand why the jury was. But he explains what it means in the next sentence. He said, he mentions that statement, the language is taken from the U.S. Supreme Court's decision, Devenpeck, in the Ninth Circuit you concede that Supreme Court decision is not almost always a paragraph of clarity. He said, and reasonably conveys the notion that the jury's role is to consider whether the objective facts justify the arrest regardless of the officer's subjective reason for making the arrest. I wish he had said that. I wouldn't have any problem. Maybe if there's a new trial he will. Yeah, I hope he will. Why don't we hear from the other side and we'll make sure you get a chance to respond. Okay. Your Honor, I still have one minute and 29 seconds? At least. Okay. But, you know, that's your rebuttal time, too, you know. Oh, no. Yeah, yeah, yeah, yeah. Oh, no. Oh, all right. Okay. We'll make sure you get a chance to respond adequately. Okay. That's not the first time he's done that, Your Honor. I wouldn't be surprised. Please support counsel. Well, my name is Stephen Larson, and I'm representing Sergeant Dimath. The city is a nominal party, but only as respondeat superior are any state court claims. Is there a Monell claim in this case? Pardon me? Is there a Monell claim in this case? No, there's not, Your Honor. There's also no force claim and no assault claim and no injury claim. It's just simply was he arrested with or without probable cause and was there malicious prosecution? Is there an intentional or fictional motion of distress also? So there's really three issues. It's the driving of the vehicle, it is the arrest, and the complaint. All three of those. Well, I disagree, Your Honor. I mean, maybe not anymore, but at the beginning those three issues were before the court. As far as the driving of the vehicle, it really is what happened as the officer went to the intersection. Right, where they collided. Right. So there was that, and then whether he should have been arrested because of it, and then whether he should have been prosecuted because of it. Those three things. Well, he's permitted to be arrested if the officer has probable cause. I'm just saying what the issues are before us. Yeah. And probable cause, as under the state court law, probable cause is an absolute defense to both false arrest and malicious prosecution. The same probable cause. So what is the issue before us? Because the jury determined that there was probable cause. So what's the issue we are considering in the context of probable cause? Actually, I don't think, Your Honor, that you have an issue to determine on probable cause because the jury, it was unanimous 12-person jury verdict. They found that there was probable cause. They found there was probable cause for the arrest. They made no finding with respect to prosecution. They don't have to, Your Honor. Well, under your jury verdict form, they didn't have to, but that was certainly a question. Your jury verdict is wrong. But, no, I don't think so, Your Honor, because the law decided it. Let me explain to you why I think you're wrong, and then you can explain to me why I'm wrong. There are two periods at which there's probable cause. First off is there probable cause to arrest. And there may well have been probable cause to arrest. That's what the jury found, and there might have been sufficient evidence to justify that finding. But after the arrest, the officer writes up a report asking for prosecution. And the question is, at the time he asks for that prosecution to go forward, is there probable cause? And at that point, he may know a lot more than at the time of the arrest. So there are two different times for two different probable cause determinations, and the fact that he might have had probable cause for the arrest does not necessarily mean that he had probable cause to instigate or ask for the prosecution. Now, am I wrong? I believe you are, Your Honor, and this is why. The cases as I read them, and I'm going to cite to the Freeman v. City of Santa Ana case, which is in 1995, that case held that the probable cause, the same probable cause, is an absolute defense to the false arrest and to the malicious prosecution. Even though the officer might have known different things at the later time? Well, that's an evidentiary issue, too, because we don't have any evidence the officer knew different things at a later time when he wrote up his report and submitted it. He also wrote up a report. Do we know when he submitted that report? Well, I do, but I can't give you a cite to the record where it shows that, Your Honor. Can you give me a hint? Well, the arrest occurs at something like 2 o'clock in the morning. It's submitted before he goes home that night. Here's your hint. Is that in the record? Is that in the record or just your? Well, that's my problem, Your Honor. I know when it was submitted, but I don't know that we actually put testimony onto that fact. So I don't know whether it's in the record. And that may turn out well to be true, assuming that it is true for the purpose of what I'm about to say. Nonetheless, by the time he writes the report, he knows more than he knew at the time he made the arrest. Is that in the record, that he knew more than he knew at the time? There's no evidence that he knew anything different other than what's in his report. Well, wait a minute. We know that he makes the arrest. He takes him down to the station house. We know that they talk. We know that they show. They take pictures of the arm and so on. All that takes place after the arrest. Yeah, it's reported in his report that he found redness on the arm. Yeah, yeah. But what I'm saying is, at the time he makes the arrest, down at 2nd and Yesler, a certain number of things are known. At the time he writes up that report asking for criminal prosecution, he knows more. Yeah, he knows there's some redness on the arm. He knows that Mr. Bromfield says, I had the right of way. Yeah, okay. Well, which isn't true. He didn't have the right of way. But he submits the report. It's under penalty of perjury. The prosecutor, as the court knows from the Freeman case and the Newman v. County Orange, the prosecutor relies on those reports. And they make a determination that there is basis for the charge. Then the officer is immunized. Did the prosecutor do anything to investigate the accuracy of the report before filing the criminal charge? I don't know, but I doubt it. But he doesn't have to. Well, I'm not sure because, I mean, the law is very clear, at least in a general sense, that an officer requesting a criminal prosecution is immunized from liability if the prosecutor makes an independent judgment and then decides to go forward. But there needs to be at least some evidence of that. There's a presumption that the prosecution has done that. But if it's just the prosecutor sees this is a penny ante case, he looks at this report that comes in from the officer. He does not inquire, except beyond just reading the report, he just files a prosecution. It may be that your guy is still in trouble if there was no probable cause to ask for the prosecution. Well, I'm going to respectfully disagree, continue to disagree. Because in the Newman case, the court wrote that prosecutors generally rely on police reports, not suspect stories, when deciding whether charges should be filed. We presume they rely on their independent judgment when deciding whether such reports warrant the filing of criminal charges unless contrary evidence is presented. It would be unusual for a prosecutor to go out and do an independent investigation. Yes, it would be. Now, what apparently does happen after the prosecutor learns a little more, he drops the case. Is that right? He does. He drops the case because the repair invoice didn't get into the... He didn't get the repair invoice from the repair shop, so he couldn't prove the amount of damages to the car. The repair invoice is an exhibit in this case, but... Do we have testimony from the prosecutor that that's why he dropped the case? No. The case was dropped without prejudice, which means it theoretically could be refiled. So we know it wasn't dropped on the basis of no probable cause. Because if there was no probable cause, it becomes a dismissal with prejudice, so it can't be refiled. Now, at this point, it's too late to refile because time has passed, but... Does the court wish me to respond to the probable cause instruction? Otherwise, I think we've briefed it, and... I'm not going to give you any more time than Mr. Howell. But let me ask you this, and this is a question of law that I'm asking you, rather than a question on the particular facts here. I'll come back to the exchange we had before, where you think I'm wrong on the law, but I want to explain to you as clearly as I can, and then you can explain as clearly as you can if you still think I'm wrong. As I view the law, there are two points at which probable cause is relevant. Number one is there probable cause for the arrest, and number two is there probable cause for the request that there be prosecution. And if, and I'm not asking you to concede facts, but if the officer knows facts or knows things that may well be true after the arrest that might cause him to think that there's no probable cause to go forward with the prosecution, do we inquire separately as to whether or not he had cause to ask for the prosecution? Or is it enough merely that he had probable cause for the arrest? I can't answer that question wholly without taking it as a hypothetical. It is a hypothetical. The facts of this case don't... I'm not asking about the facts of this case. I'm asking this purely as a hypothetical question of law. Your Honor, as I understand hypothetical questions, there's always an issue that somewhere along the line something could change the factual basis or the legal basis. I'm asking the Court to look at this case and the record in this case. You don't have to answer the question if you don't want to. I don't think I can answer the question because I don't know enough... You don't know enough law? I mean, this is a pure question of law. I don't think so. It's purely because there's a factual basis as to what would change an officer's opinion. And I think you could go to an extreme. Assuming there were things that would change. I mean, can you answer the question if you just assume in the hypothetical that there was new information that came out? Then would the result be different? Well, there always could be the issue because the Court says less contrary evidence. If the officer actually knows contrary evidence, then I think it's a different obligation. So if there is information that comes out that negates the probable cause, would your answer be the same? If he has knowledge of evidence that negates the probable cause, I would have to say it would be the same. We don't have that here. The same? Your answer would be the same? No, no. I'm sorry. I thought I was saying yes to your question, Your Honor. If he actually knows evidence that would negate probable cause, then he has a different duty that would negate the request for charges. The prosecutor may still file the charges. That's something different. That's the difficulty I'm having with saying conceptually there are two probable cause stages because it's ultimately not the officer who determines whether or not the prosecution goes forward unless, of course, the officer interferes in the independent judgment of the prosecutor. You and I, Your Honor, are on the same page because that's what I feel is the law, is when the officer has probable cause to make the arrest, he can request prosecution. The prosecutor doesn't have to prosecute. I guess I'm going back to my days as a prosecutor. The prosecutor doesn't have to prosecute. And the officer says, this is what happened, and I believe that's a crime. Mr. Prosecutor, Madam Prosecutor, take it. The prosecutor doesn't have to take it, and I don't think the officer has liability for the fact that the prosecutor does take it. Generally speaking, I think that's right. I mean, there's a presumption in favor of no liability for the officer if the prosecutor goes forward. I think that's absolutely right. But I don't think there's two probable causes because I think you have to have different evidence. You have to have evidence to change the issue, and we don't have different evidence to change the issue. But that's a factual question here, not a question of law. It's also an issue of law or a factual question, whichever way it goes that wasn't raised by Mr. Brumfield or his counsel. Conceptually, the probable cause hearing is based on the prosecutors bringing the charge. If you go to a preliminary hearing, then the probable cause determination is made based on the prosecutors having brought charges. It doesn't look back to whether the police had probable cause to refer the case to the prosecutor's office. That's an unusual procedural conundrum, I think. Yes. I don't need to take any questions. Okay, thank you. Thank you. Your Honor. Would you like three minutes? Yes, sir. Thank you. I want to get back to the question you asked. When they were up at the station house, Officer DeMint said to him, well, you know, we can forget all of this and go back to it. He said, no. Well, now that's what your client says. Does Officer DeMint say that to him? He doesn't deny it. He does not during his deposition. I don't remember that he said that, no, we can forget all about this and so forth. He said, no, you dragged me down here, accused me of so and so and so. Okay. I wanted to briefly get to the spoilation issue. During the pretrial with a bunch of motions, Judge Kuhnhauer ruled, Moreover, plaintiff may be able to show that the evidence once in the possession and control of the defendants is no longer available. That was their motion to exclude all of that. But depositions were taken, the custodian of the records and the photographs were never discovered. So that's the issue on spoilation. One other issue that I wanted to invite your attention to is that the only evidence that DeMint had or thought he had was, and this is from page 27 of Debris, quote, after seeing Brumfield's hand in the air and hearing a thump on his car, he saw his passenger side mirror disengage from the mounting. That is all the evidence that DeMint had at the scene. All right. And from there on, they built up all of this. The instruction on malicious prosecution, which you alluded to, Your Honor, has a last paragraph. The plaintiff must rebut the presumption that the prosecuting attorney filing a criminal complaint exercised independent judgment in assessing probable cause. There's no evidence in the record that that was done. It's a routine. They just go in based on the officers. It's your obligation to rebut. Yes, but you don't put it in an instruction. If they say, well, the prosecutor said so and so, and I come back and said, yeah, why? The only thing he had was DeMint's statement. But putting in without explaining presumption and so forth, I think you clutter the instruction with that. And, Your Honor, I'm going to surprise you. I won't use all. Harmless error was assessed in three conditions, the nominal damages, failure to give on emergency vehicle, and failure for an instruction on spoliation. How many harmlesses do you have to get before you get a harmful? Counsel, may I ask you this? I meant to ask the government counsel, too. Did you all explore settlement? Yes, Your Honor, but. Through the mediation program that we have in the Ninth Circuit. No. Was that? Would you be willing to do? Oh, I am absolutely willing to do so. Let me ask Mr. Larson. Would you be willing to explore settlement through our mediation unit here connected to the court? We had mediation through the mediators. In this court? You've already had it? Yes? In the initial phase. Yeah, right after the annulment was filed. I see. Would it make any sense to do it again? Or is it fruitless? We also had a mediation before trial. And so you're saying that it would not be fruitful to explore mediation again? I never turned down mediation, Your Honor. It's always fruitful. Mediation is a coming together, and the two mediations we've had in this case. Yeah, it's a far apart. Okay. If we independently decide to refer to mediation, there will be an order to that effect shortly. Yeah. Bloomfield v. City of Seattle now so better for decision. Sounds like a very good case for mediation to me. Yeah.
judges: Ebel, Fletcher, Rawlinson